# Exhibit A



**BLOOD HURST & O'REARDON** | LLP

501 W. Broadway, Suite 1490 | San Diego, CA 92101
T | 619.338.1100  F | 619.338.1101
www.bholaw.com

Timothy G. Blood
tblood@bholaw.com

August 11, 2020

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO. 7018 0040 0000 8022 5207)**

Ilka Paananen, CEO
Supercell Oy
555 California St.
San Francisco, CA 94104

Dear Mr. Paananen:

We represent Peter Mai ("Plaintiffs") and all other consumers similarly situated in an action against Supercell Oy ("Defendant"), arising out of, *inter alia*, Defendant's marketing, sale, and distribution of the mobile games containing "Loot Boxes," Clash Royale and Brawl Stars, including marketing and sale of the Loot Boxes themselves. The claims are detailed in the attached Complaint and incorporated by this reference.

In enacting legislation prohibiting all gambling not expressly permitted, the California legislature explained: "Gambling can become addictive and is not an activity to be promoted or legitimized as entertainment for children and families." Cal. B & P Code § 19801(c). Through the games Supercell designs, develops, markets, makes available, and offers to consumers through Apple's App Store and the Google Play store, Supercell engages in illegal gambling and predatory practices enticing consumers, including adults and children, to engage in gambling and similar addictive activities in violation of this and other laws designed to protect consumers and to prohibit such practices. Loot Boxes have all the hallmarks of a Las Vegas-style slot machine, including the psychological aspects to encourage and create addiction – especially among adolescents. Under California law they constitute illegal "slot machines or devices" when played on the device for which Supercell designs them, such as mobile phones, tablets, and computers.

Government regulators and psychologists agree Loot Boxes, like the ones in Clash Royale and Brawl Stars, operate as gambling devices and create and reinforce addictive behaviors. The Loot Box mechanism is proven to be psychologically effective on adults, and its effects are intensified when used on minors because they are more prone to engage in risk-taking behaviors, more prone to gambling addiction, and less equipped to critically appraise the value proposition of these unlawful, unfair and deceptive schemes.

Supercell's actions constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices. These practices constitute violations of the Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq*. Specifically, Supercell's practices violate California Civil Code §§ 1770(a) under, *inter alia*, the following subdivision:

00167296

8



**BLOOD HURST & O'REARDON | LLP**

Ilka Paananen, CEO
Supercell Oy
August 11, 2020
Page 2

(14) Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.

Supercell violated the CLRA by inter alia, offering to sell and selling Loot Boxes to Plaintiff and the Class Members when in fact these Loot Boxes constitute illegal gambling transactions prohibited by law. Supercell's practices also violate California Business and Professions Code §§ 17200, *et seq.* and constitute unjust enrichment.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782(c) we hereby demand on behalf of our clients and all others similarly situated that Supercell immediately correct and rectify these violations by ceasing the unlawful marketing and sale of Loot Boxes available in Clash Royale and Brawl Stars, ceasing dissemination of false and misleading information as described in the enclosed Complaint, and initiating a corrective advertising campaign to re-educate consumers regarding the truth of the Loot Boxes at issue. In addition, Supercell must identify all consumers similarly situated or make a reasonable effort to identify other consumers and offer to refund the purchase price to all consumer purchasers of in-game Loot Boxes, plus provide reimbursement for interest, costs, and fees.

In accordance with California Civil Code § 1782(d), if after 30 days from the date of this letter the requirements of Civil Code § 1782(c) have not been met, Plaintiff will amend the Complaint to seek damages, including punitive and statutory damages.

We await your response.

Sincerely,

TIMOTHY G. BLOOD

TGB:jk

Enclosure

00167296